**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

CARL STANLEY TURNER
ADC # 81306                                                                        PLAINTIFF


v.                                    2:07CV00074 SWW/HDY


GREG HARMON *et al*.                                                           DEFENDANTS



**PROPOSED FINDINGS & RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge

Susan Webber Wright.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

1

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

A hearing was held in this case before the Court on December 10, 2008. Following a presentation of testimony by the Plaintiff, and submission of exhibits, the Court enters the following findings and recommendation.

### Facts and Analysis

Plaintiff, who is currently in the custody of the Arkansas Department of Correction housed at the East Arkansas Regional Unit, filed this action on June 6, 2007.[1]  Defendants filed a summary

---

[1]  Plaintiff's Complaint was originally dismissed by this Court pursuant to the "three-strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).  On appeal, that decision was reversed and remanded based on the Court of Appeals' determination that dismissals for failure to exhaust administrative remedies are no longer constituted "strikes" under the PLRA. *Turner v. Norris et al*, No. 07-2503 (8th Cir. April 16, 2008).

judgment motion prior to the evidentiary hearing, and the undersigned made recommendations to the court to dismiss from this action Defendants Maurice Williams and Janice Bufford, on Plaintiff's request, and Defendants Norris and Hobbs, director and assistant director, respectively, of the Arkansas Department of Correction, on the basis of *respondeat superior*. That recommendation has been adopted by the Court without objection by the Plaintiff.

The claims that remained at the evidentiary hearing, limited to those that accrued after June 7, 2004 and therefore not outside the statute of limitations, were that he had been threatened by Defendant Brown-Davis, whom he believed to have been terminated from the Arkansas Department of Correction because of previous threats she made against him[2], and that Defendants Beard and Banks participated in a cover-up of Brown-Davis's return to the Department and her threats against Plaintiff. He has also charged that Defendants Steward, Westbrook, and Harmon confiscated or withheld legal materials from him, pertaining to his cases against Brown-Davis, a disability benefits appeal, and an unspecified small claims court action. These events occurred between 2006 and the time of the filing of Plaintiff's Complaint in June of 2007.

Plaintiff submitted a list of proposed witnesses (docket entry #47) for the hearing. However, review of their anticipated testimony revealed that Plaintiff planned to question them regarding events that occurred on or about June 26, 2008, regarding events that were not a part of the claims in this case. Accordingly, the court did not permit Plaintiff to call these witnesses; upon notification of this, Plaintiff did not seek leave to request substitute witnesses or for a continuation of the scheduled hearing. The defense called no witnesses, only cross-examining Plaintiff and moving for

---

[2] The substance of Plaintiff's original claims against Defendant Brown-Davis were litigated in *Turner v. Norris et al.*, 2:03CV00051 JFF (dismissed with prejudice on Defendants' Motion to Dismiss in 2004, affirmed on appeal).

judgment as a matter of law.

Plaintiff, who has been in the custody of the Arkansas Department of Correction since 1995, testified that he was transferred to the East Arkansas Regional Unit in early 2002. During the course of his testimony, Plaintiff made many vague allegations of threats and theft by the Defendants. However, despite questioning by the court, Plaintiff was unable to offer any dates, concrete details, or motivation for what he perceived as retaliation against him by the Defendants.

It is well settled that verbal abuse and mere threatening language by prison officials does not amount to a § 1983 claim. *See McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir.1993)(holding that verbal harassment, threats, and name calling are not actionable under § 1983); *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir.1992)(holding that "mere verbal threats made by a state actor do not constitute a § 1983 claim"); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)(holding that verbal threats and name calling is not actionable under § 1983). During the course of his testimony, Plaintiff didn't identify a single instance of injury as a result of the alleged actions by any of the Defendants. Absent such evidence, he failed to establish the violation of any of his constitutional rights.

Plaintiff's claims regarding his lost or "stolen" legal materials must also be dismissed. In his testimony and on cross-examination, Plaintiff asserted that Defendants Westbrook and Steward "stole" legal papers from him. However, theft alone, even when alleged against state actors, is simply not a constitutional claim in the absence of a deprivation of a constitutional right.[3]

---

[3] Even if all of Plaintiff's allegations are true, a § 1983 action is not the appropriate place for such claims. The State of Arkansas provides an adequate post-deprivation remedy through the Arkansas Claims Commission. See Ark. Code Ann. § 19-10-204; *Hudson v. Palmer*, 468 U.S. 517, 530-537, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (when state actor deprives individual of personal property, individual does not have a § 1983 claim if state law provides adequate

Although Plaintiff made other allegations in his complaint, he offered no testimony or evidence in support of any other claims at the hearing.  Therefore, the court recommends a finding that Plaintiff has failed to prove by a preponderance of the evidence that any constitutional violations occurred.

## Conclusion

After listening to all the testimony and drawing appropriate inferences based on the credibility of the parties and their witnesses, the Court is not persuaded that Plaintiff has shown that his constitutional rights were violated by the Defendants.  Accordingly, the undersigned recommends that Plaintiff's complaint  be dismissed with prejudice.

IT IS, THEREFORE, RECOMMENDED that Plaintiff's complaint against Defendants be DISMISSED with prejudice.

DATED this  __6__  day of January, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

post-deprivation remedy).